IN THE TEXAS COURT OF CRIMINAL APPEALS

10CR1217-83-6

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 20 2015 63,775-20

Abel Acosta, Clerk

EX PARTE THOMAS WAYNE FLORENCE

PETITIONER'S APPEAL OR NOTICE OF APPEAL AND ARE REMAND AND OBJECTION TO DENIAL OF 10CR1217-83-6 BY LONNIE COX TRIAL JUDGE VIOLATION OF T.R.C.V. 18a SEE ATTACHED P. 238, BROSSEAU v. RAZIAN 28 SW3d 235, 238-39 (TEX. APPEAL BEAUMONT 2000), CITING IN RE KERR AR 236 SW3d 460, 477 (TEX. APP. DALLAS 2007)

COMES NOW PRO SE PETITIONER TO MOVE THE COURT TO LIBERALLY CONSTRUE HIS PRO SE PLEADINGS, HAINES v. KERNER 404 US 519, 520 (1972).

PETITIONER OBJECTS TO THIS COURT AND IT'S LAW CLERKS TURNING A BLIND EYE TO THE DUE PROCESS AND ACCESS TO COURTS VIOLATIONS BEING CONDUCTED BY GALVESTON COUNTY TRIAL JUDGE LONNIE AND WRIT COURT.

DUE TO THE ACTS OF OMISSIONS AND COMMISSION, BY THE LAW CLERKS AND COURT, APPROVING OF LONNIE COX ABUSE OF OFFICE AND DISCRETION IN ARBITRARILY DISREGARDING T.R.C.V. 18a RECUSAL PROCEDURES.

THIS COURT IS WELL AWARE THAT THIS JUDGES ORDER'S IN 10CR1217-83-4, 10CR12-17-83-5 REFILED 4-  -2015, AND 10CR1217-83-6 ORDER'S ARE VOID PETITIONER TIMELY FILED HIS RECUSAL MOTION'S WITH HIS HABEAS CORPUS'S AND THE TRIAL JUDGE (HABEAS COURT) FAILED TO RULE ON THESE MOTION'S TO RECUSE. SEE, BROSSEAU 238, EXHIBIT A1 ATTACHED, THIS COURT HAS HELD THAT A TRIAL JUDGE, WHEN PRESENTED WITH A RECUSAL MOTION, REGARDLESS OF THE PROCEDURAL SUFFICIENCY OF THE MOTION, HAS ONLY THE OPTION TO ACT IN ONE OR TWO WAYS: TO RECUSE HIMSELF, OR REFER TO THE PRE-SIDING JUDGE, IF THE TRIAL JUDGE REFUSES TO COMPLY WITH THE STRICTURES PROVIDED IN RULE 18 a All ACTIONS TAKEN BY THE JUDGE IS SUBSEQUENT TO SUCH VIOLATION ARE VOID, Id. 238, CITING IN RE A.R. 477. THIS COURT AND LAW CLERKS IS WELL, AWARE THAT THIS JUDGES ARBITRARY DEN-IAL OF MY 10CR1217-83-3; 10CR1217-83-4 10CR1217-83-5; 10CR1217-83-6, ARE VOID AND THIS COURT WHERE CARDED ME EVEN AFTER THE COURT / CLERKS SEEN THAT MY RECUSAL MOTIONS WAS NOT ACTED UPON

2

SEE, A1, AT 23.8, CITING, TEX. CODE JUD. CONDUCT, CANON 2, REPRINTED IN TEX. GOV'T. CODE ANN, TIT. 2, SUBTIT. G. APP. B (VERNON 1988).

AS WE NOTED IN OUR 1995 OPINION REGARDING THE INSTANT CASE, IF A TRIAL COURT FAILS TO COMPLY WITH THE STRICTURES PROVIDED IN RULE 18a; ALL ACTIONS TAKE BY THE JUDGE SUBSEQUENT TO SUCH VIOLATION ARE VOID. BROSSEAU 911 SW2d 893. GALVESTON COUNTY TRIAL COURT (HABEAS) DENIALS ARE VOID. Id. 893.

SEE. KOZIACK V. KNIZE, 883 SW2d 760, (TEX. APP. WACO 1994), TRIAL JUDGES DO NOT ENJOY FREEDOM TO IGNORE THE LAW.

THIS IS WHAT THIS COURT APPROVED OF THE HABEAS TRIAL COURT TO DO IS IGNORE 18a.

SEE. EXPARTE STAFFORD, 324 SW3d 578 (TEX. CRIM. APP. 2011) REMANDING CASE DUE TO 18a VIOLATION. Id. 578. COURT HELD RECUSAL PROCEEDINGS APPLY TO HABEAS CORPUS PROCEEDINGS.

SEE. EXHIBIT A2, ATTACHED SEE. 10CR1217-83-3, SEE. EXPARTE MOSS, SW3d 786 (TEX. CRIM. APP. 2014), ATTACHED CITING NIX. 608, SEE. 10CR1217-83-3-4 PETITIONER PRESENTED VOID JUDGMENT IN Id. ART. 11.07'S SEE. COURT'S MOSS

3

HOLDING N.1, THAT PETITIONER PUT ISSUE IN 01-11-00822 OR APPEAL ISSUE NO 3, AND 10CR1217-83-3-4 TO OBTAIN RELIEF AS THIS COURT HAS HELD IN 2014 SUPRA EXPARTE MOSS.

SEE. EXHIBIT A3, AGAIN SUBMITTED AS DIRECT EVIDENCE ENBLANCE COURT AS MOSS. EXPARTE COOPER, 589 SW2d 130, 131 (TX. CR. APP. 1979), ALSO CITED IN PROSE APPEAL.

THIS COURT IS BEING REQUESTED TO TAKE JUDICIAL NOTICE OF EXPARTE COOPER, EXPARTE MOSS. BROWN v. BROWN, 145 SW 3d 745, 750 (TX. APP. DALLAS 2004) SEE, IN RE, WINEFIELD v. DOGGETT, 846 SW2d 920, 922 (TEX. APP. HOUSTON 1ST DIST. 1993), A PARTY'S DUE PROCESS RIGHTS ARE VIOLATED WHEN HE DOES NOT RECEIVE ADEQUATE NOTICE OR HEARING OR TRIAL SETTING. LOPEZ v. LOPEZ 757 SW2d 721, 722-23 (TX. 1988) NO ACTION AND PROCEDURAL 182 RULE MAN- DATED PROCEDURES DEPRIVED ME OF DUE PROCESS.

THIS COURT CAN NOT CONTINUE TO TURN A BLIND EYE TO MY UNLAWFUL IMP- RESONMENT AND ALLOW THE TRIAL COURT TO ISSUE VOID ORDERS BEING APPROVED BY THIS COURT / CLERKS.

4

April 15 2015

This Court has previously held that a trial judge, when presented with a recusal motion, regardless of the "procedural sufficiency" of that motion, has only the option to act in one of two specified ways: to recuse himself, or refer the case to the presiding judge. *Greenberg, Benson, Fisk & Fielder, P.C. v. Howell*, 685 S.W.2d 694, 695 (Tex.App.—Dallas 1984, no writ). We do not hold that this motion is free from scrutiny by some other judge, named in obedience to both rule and statute, but we do hold that the judge named in the motion may not do so without violating his plain duty. By pursuing an option unavailable through any rule or statute, the court abused its discretion as a matter of law. *Greenberg*, 685 S.W.2d at 695.

The Dallas Court reaffirmed this holding in *Bourgeois v. Collier*, 959 S.W.2d 241, 246 (Tex.App.—Dallas 1997, no writ), and one of the Houston Courts has also found this holding persuasive. *See Jamilah v. Bass*, 862 S.W.2d 201, 203 (Tex.App.—Houston [14th Dist.] 1993, no writ). We, too, have recognized the mandatory nature of Rule 18a. *See* Tex.R.Civ.P. 18a; *Brosseau*, 911 S.W.2d at 892; and *Feist v. Sekaly*, 739 S.W.2d 491, 492 (Tex.App.—Beaumont 1987, no writ). Consistent with this "mandatory nature" is the recognition that the judge named in the motion not be permitted to act in *any* way other than the two options provided for in the rule. We agree with the Court in *Lamberti* that the motion may ultimately fail because of some procedural defect, but that decision should be made by some other judge so as to avoid even the appearance of impropriety on the part of the judge named in the motion. *See* Tex.Code Jud.Conduct, Canon 2, *reprinted in* Tex.Gov't Code Ann. tit. 2, subtit. G app. B (Vernon 1998). As we noted in our 1995 opinion regarding the instant case, if a trial court fails to comply with the strictures provided in Rule 18a, all actions taken by the judge subsequent to such violation are void. *Brosseau*, 911 S.W.2d at 893. Therefore, the interlocu-

tory "money" judgment signed by Judge Woods on November 1, 1991, is void.

[4] We now address the portion of appellate issue fourteen complaining of inadequate notice of the recusal hearing. The record before us reflects that following the issuance of our opinion in 1995, Judge Woods refused to recuse himself and formally requested that the presiding judge of the administrative district, Judge Olen Underwood, assign a judge to hear the recusal motion. The record next indicates that on December 3, 1997, Judge Underwood faxed notice of the recusal hearing to "all attorneys of record." The December 3, 1997, faxed notice reads as follows:

A hearing on the Motion to Recuse in 43,911 RANZAU V. BROSSEAU, ET AL in the 253rd D.C. of Liberty, Co. Tx., has been set for Dec. 5, 1997 at 11:00 a.m. Before the Hon. Mark Davidson, Judge, 11th Judicial District * The hearing will be in the 253rd D.C., Liberty County Courthouse

Assuming the above fax was received by all parties the same day it was sent, it provided for only two days notice of the hearing. A hearing was held on December 5, 1997, but the record reflects that appellant's trial counsel was not present. Judge Davidson's order, amounting to essentially a default judgment denying appellant's recusal motion, states: "Counsel for Defendant William D. Brosseau, having acknowledged to the Court that he had been notified of the date and time of hearing failed to appear." The record further reflects that on the day of the hearing, December 5, 1997, appellant's trial counsel mailed opposing counsel an instrument entitled, "Defendant's First Motion For Continuance of Recusal Hearing, and/or Motion To Vacate." In said motion, appellant's trial counsel made the following contentions:

Judge Underwood's office attempted to contact the undersigned counsel about the hearing on December 3, 1997, but the undersigned counsel was in Austin appearing before the Supreme Court of

TDCJ-ID
LAW LIBRARY

A2

10 CR1317-83-6
10 CR1317-83-3
10 CR1317-83-4

**Ex Parte Daniel Craig Cooper**
COURT OF CRIMINAL APPEALS OF TEXAS
589 S.W.2d 130; 1979 Tex. Crim. App. LEXIS 1710
No. 62645
October 31, 1979

Editorial Information: Prior History

Original Application from PARKER County

Counsel
Robert Huttash, State's Atty., Austin, for the State.

Judges: Before the court en banc.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Petitioner sought postconviction relief pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 from a Parker County Court (Texas) judgment convicting him of possession of marijuana, arguing that the complaint against him was fatally defective for failure to include essential language. Drug possession conviction was improper where the complaint under which the defendant was charged and to which defendant pled guilty failed to include indispensable language required by the state constitution and state statute.

**OVERVIEW:** Petitioner was convicted of possession of marijuana. When the prosecution in a subsequent proceeding sought to use that conviction to enhance punishment in that proceeding, petitioner sought postconviction relief pursuant to Tex. Code Crim. Proc. Ann. art. 11.07. The court found that the complaint on the possession charge had failed to allege that the prosecution was brought in the name and by authority of the state of Texas. Because under the state constitution and Tex. Code Crim. Proc. Ann. art. 21.02 indictments or informations had to begin with such language, which was indispensable, the court granted the relief sought by petitioner.

**OUTCOME:** The court granted petitioner's request for postconviction relief, holding that although minor variations from the statutorily required language were acceptable, the complete absence of that essential language from the complaint against petitioner meant that the complaint was fatally defective and void.

## LexisNexis Headnotes

**Criminal Law & Procedure > Accusatory Instruments > General Overview**

Pursuant to Tex. Const. art. V, § 12, all writs and process shall begin by invoking the authority of the state of Texas. All prosecutions shall be carried on in the name and by authority of the state of Texas, and shall conclude with language asserting that the offense is against the peace and dignity of the state.

3txcases

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1

**Criminal Law & Procedure > Accusatory Instruments > Indictments**

Pursuant to Tex. Code Crim. Proc. Ann. art. 21.02, an indictment shall be deemed sufficient if it satisfies the relevant requirements. It shall commence by stating that it is made in the name and by authority of the state of Texas.

**Criminal Law & Procedure > Accusatory Instruments > Indictments**

In Texas, an indictment or an information must commence by stating that it is made in the name and by authority of the state of Texas, and that language is indispensable. This constitutional requirement is a matter of substance rather than of form.

**Criminal Law & Procedure > Accusatory Instruments > Dismissal**
**Criminal Law & Procedure > Accusatory Instruments > Indictments**

Although minor variations in the wording of the required constitutional and statutory language for beginning an indictment or information in the state of Texas are immaterial, the complete omission of the required constitutional/statutory wording renders a complaint fatally defective.

Opinion

Opinion by: DALLY

Opinion

{589 S.W.2d 131} OPINION

This is a post conviction proceeding brought under the provisions of Art. 11.07, V.A.C.C.P.

The petitioner was convicted of the offense of possession of marihuana on February 25, 1971, in Cause No. 7725 in the 43rd District Court of Parker County. The petitioner asserts that the conviction is void and that the threatened use of the conviction to enhance punishment in a subsequent proceeding poses sufficiently grave collateral consequences as to entitle him to have the judgment in Cause No. 7725 set aside.

Petitioner waived indictment by a grand jury and pled guilty to a felony information. The petitioner's complaint is that the information was fatally defective because it failed to allege that the prosecution was brought "In the name and by authority of The State of Texas."

Art. V, Sec. 12 of the State Constitution, in part, provides:
"The style of all writs and process shall be... 'The State of Texas.' All prosecutions shall be carried on in the name and by authority of the State of Texas and shall conclude: 'Against the peace and dignity of the State.'"

Art. 21.02, V.A.C.C.P., in part, provides:
"An indictment shall be deemed sufficient if it has the following requisites:
"(1) It shall commence, 'In the name and by authority of The State of Texas.'"

It has long been held that an indictment or an information must commence "In the name and by

2

3txcases

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

A2

GMO #3010-13989
COMPLAINT
COMPLETE ONE-SSION AKA 1-23

X 10 CR1317-83-3
X 10 CR13H-83-3
X 10 CR1317-83-4
EXHIBITS

authority of The State of Texas" and these words have been held to be indispensible. Saine v. State, 14 Tex.App. 144 (1880); Jefferson v. State, 24 Tex.App. 535, 7 S.W. 244 (1888); Treadaway v. State, 61 Tex. Crim. 546, 135 S.W. 147 (1910); Alvarado v. State, 83 Tex. Crim. 181, 202 S.W. 322 (1918). "This constitutional requirement is a matter of substance rather than of form." Cox v. State, 8 Tex.App. 254 (1880).

Although minor variations in the wording of the required constitutional and statutory language, such as adding the word "the" before the word "authority", have been held to be immaterial, Morris v. State, 115 Tex. Crim. 503, 28 S.W.2d 155 (1930); Banks v. State, 107 Tex. Crim. 221, 296 S.W. 563 (1927); Porter v. State, 86 Tex. Crim. 23, 215 S.W. 201 (1919); Moss v. State, 60 Tex. Crim. 268, 131 S.W. 1088 (1910); Weaver v. State, 76 S.W. 564 (Tex.Cr.App.1903), the complete omission of the required constitutional statutory wording in the present case is controlled by long-standing precedent.

For the reason stated, the relief is granted. It is so ordered.

3txcases 3

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

EX PARTE JECIA JAVETTE MOSS, Applicant

COURT OF CRIMINAL APPEALS OF TEXAS

446 S.W.3d 786; 2014 Tex. Crim. App. LEXIS 1761

No. WR-76,635-03

November 5, 2014, Delivered

**Notice:**

**PUBLISH**

**Editorial Information: Prior History**

ON APPLICATION FOR A WRIT OF HABEAS CORPUS. IN CAUSE NO. 20203 IN THE 86TH DISTRICT COURT FROM KAUFMAN COUNTY. Ex parte Moss, 2014 Tex. Crim. App. Unpub. LEXIS 417 (Tex. Crim. App., Apr. 16, 2014)

**Counsel**

FOR APPELLANT: Taryn Davis, Kaufman, TX.

FOR STATE: Sue Korioth, Special Prosecutor, Dallas, TX.

**Judges:** HERVEY, J. delivered the opinion of the unanimous Court.

**Opinion by:** Hervey

**Opinion**

**Facts**

Applicant, Jecia Javette Moss, pled guilty to aggravated assault and was placed on deferred-adjudication community supervision for five years on October 4, 2000. Her community supervision was subsequently revoked, and she was sentenced to confinement in a state penitentiary. She now argues that the trial court lacked jurisdiction to revoke her supervision and adjudicate her guilty because the motion to adjudicate was not timely filed and the capias was not timely issued. We will grant relief.

Applicant's period of community supervision expired October 3, 2005—the State took a motion to adjudicate and an order directing the district clerk to issue a capias for Applicant's arrest directly to the judge, who signed both of them. Applicant's supervision was subsequently revoked, and she was sentenced to twelve years' confinement and a $1,500.00 fine.

On April 5, 2006, at the time of sentencing, the judge notified Applicant that he would allow her to remain at large for twelve days before turning herself in at the Kaufman County Sheriff's Office to carry out her sentence. During that time, Applicant filed a notice of appeal. However, instead of reporting to the Kaufman County Sheriff's Office on April 17, 2006, to be taken into custody and continue the appellate process, she absconded from the jurisdiction. Subsequently, the State asked

the Dallas Court of Appeals to dismiss Applicant's appeal, which it did on July 25, 2006. See Moss v. State, No. 05-06-00556-CR, 2006 Tex. App. LEXIS 6470, 2006 WL 2053491 (Tex. App.-Dallas July 25, 2006, no pet.) (mem. op.) (not designated for publication). Applicant was arrested more than three years later on November 13, 2009.

**Ex Parte Townsend**

In its findings of fact and conclusions of law, the convicting court found that, even if the motion to adjudicate was not timely filed or the capias timely issued, Applicant's claim is procedurally barred because she could have raised her jurisdictional issue on direct appeal and she had she not absconded from the jurisdiction. We believe the court is referring to this Court's decision in Ex parte Townsend, 137 S.W.3d 79 (Tex. Crim. App. 2004), in which this Court held that, when an applicant has an adequate remedy at law, such as the appellate process, but that applicant does not make use of that remedy, the applicant has forfeited his claim. Id.

Applicant can raise her claim; that the trial court lacked jurisdiction to act, despite this Court's holding in Townsend.

Because Applicant absconded, her direct appeal was dismissed, and, therefore, this application is her first opportunity to assert this challenge. Although the capias eventually issued by the clerk's office was not in the appellate record, the document upon which the Applicant relied (i.e., the order directing the clerk to issue the capias) was in that record. In addition, Applicant raised her jurisdictional issue in her writ application and the capias was, thereafter, included in the writ record (by order of this Court). See Ex parte Moss, WR-76,635-03, 2014 Tex. Crim. App. Unpub. LEXIS 417, 2014 WL 1512955 (Tex. Crim. App. Apr. 16, 2014) (per curiam) (not designated for publication).

However, Applicant's claim is different from the one raised in Townsend, in that she is alleging facts that, if true, would prove that the trial court lacked jurisdiction to revoke her supervision. In contrast, the applicant in Townsend raised an improper-stacking claim, which was a non-jurisdictional claim. Townsend, 137 S.W.3d at 80. The crucial difference between Townsend and the instant case is that constitutional rights can be forfeited on habeas due to action but a lack of jurisdiction cannot.

Compare id. at 81 (citing Ex parte Gardner, 959 S.W.2d 189, 191 (Tex. Crim. App. 1996), Ex parte Drake, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994); Ex parte Groves, 571 S.W.2d 888, 890 (Tex. Crim. App. 1978), Tex. Code Crim. Proc. art. 1.14(a) ("The defendant in a criminal prosecution for any offense may waive any rights secured him by law ... but not addressing jurisdiction")). See also Ex parte McCain, 67 S.W.3d 204, 207 (Tex. Crim. App. 2002) (footnote omitted) (stating that the clearest cases of non-waivable, non-forfeitable systemic requirements are laws affecting the jurisdiction of the courts").

Wilt is available only for relief from jurisdictional defects and violations of constitutional and fundamental rights). With Mann v. State, 850 S.W.2d 275, 279 (Tex. Crim. App. 1993) (citing Garcia v. Dial, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980)) ("[A] number of requirements and prohibitions are essentially independent of the litigants' wishes; implementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties. The clearest cases of ...

We have held that a lack of personal or subject-matter jurisdiction renders a judgment void. See Garcia, 596 S.W.2d at 528 (quoting Ex parte Armstrong, 110 Tex. Crim. 362, 366; 8 S.W.2d 674, 675-76 (1928) (stating that unless the power or authority of a court to perform a contemplated act can be found in the Constitution or laws enacted thereunder, it is without jurisdiction and its acts without validity")). We have further explained that when a court acts without jurisdiction, such act is void. "Entering a judgment without the necessary jurisdiction by the court is void ... [S]ubject matter jurisdiction is a reason a judgment would be void." Thus, for example, a lack of personal or subject matter jurisdiction renders a judgment void.

1txcases

1

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1txcases

2

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

hold the trial and sentence the defendant, although defendant might later obtain relief in the form of a new trial for a constitutional violation. In contrast, if a defendant confesses and is convicted at trial because he is guilty of the crime committed, but the court lacked subject-matter or personal jurisdiction over the defendant, the judgment of conviction is void. *See Marin*, 851 S.W.2d at 279 (citing *Garcia*, 596 S.W.2d at 527).

This Court's decision in *Ex parte Sledge*, 391 S.W.3d 104, 108 (Tex. Crim. App. 2013), which was handed down after *Townsend*, also elucidates the difference between *Townsend* and the instant case. In *Sledge*, the applicant did not appeal his conviction, but filed an initial writ application seeking to obtain relief, which was denied. Later, he brought a successive writ application arguing that that trial court lost jurisdiction to adjudicate him guilty and revoke his deferred-adjudication community supervision because the capias for his arrest was issued three days after his supervision expired. *Id.* at 106. We dismissed his application because the applicant did not allege a new legal basis or sufficiently new factual basis upon which to justify this Court's consideration of his subsequent writ. *Id.* at 106-07, 111; *see* Tex. Code Crim. Proc. art. 11.07, § 4. We rejected the applicant's allegation that he could not have discovered the factual basis for his claim until after he filed this initial postconviction application because he could have learned of the factual basis for relief he filed in his subsequent writ application through the exercise of due diligence. *See Sledge*, 391 S.W.3d at 106-07 (stating that "it is readily apparent that the applicant could have easily obtained the information before now, just as he did for the purpose of developing his current post-conviction writ application"). And although the applicant in *Sledge* did not cite a new legal basis for relief was available to him at the time he filed his initial writ in the form of a decision from this Court. *See Langston v. State*, 800 S.W.2d 553, 554 (Tex. Crim. App. 1990) (per curiam), *overruled on other grounds by Harris v. State*, 843 S.W.2d 34, 35 n.1 (Tex. Crim. App. 1992) (holding that the jurisdiction of a trial court to adjudicate a defendant's guilt is lost if the clerk fails to issue a capias as required by law). Thus, our decision in *Sledge* stands for at least two principles relevant to this case: (1) jurisdictional claims are not normally subject to typical notions of procedural default (which is why Applicant can raise her claim here), but (2) the Legislature can permissibly restrict the cognizability of courts to hear jurisdictional claims on habeas (which is why the applicant in *Sledge* could not raise his claim in a subsequent writ application). *See Sledge*, 391 S.W.3d at 106-09, 111.

In sum, we hold that *Townsend* is not applicable to jurisdictional claims raised in an initial writ application because, absent legislation to the contrary (such as the statute discussed in *Sledge*), we have held that a lack of jurisdiction renders a judgment void and that claims challenging a court's lack of jurisdiction are cognizable in an initial writ application. However, we caution individuals seeking habeas relief in a subsequent writ application that *Sledge* continues to bar an applicant from obtaining relief on a jurisdictional claim in a subsequent application if the applicant cannot overcome applicable procedural bars.1

**Laches**

The State argues that laches should apply to Applicant's claim because she voluntarily absconded from the jurisdiction of the court to avoid serving her sentence. *See Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). It also asserts that laches should bar our consideration of Applicant's claim because "it is highly unlikely that the trial court or any of its personnel, or the deputy clerks involved, would retain a distinct memory of something as routine and commonplace as file-marking of a document and issuance of a warrant after three or four years."

In *Perez*, this Court revised its approach to laches by abandoning the more permissive federal laches standard in favor of the Texas common-law definition of laches. *See Ex parte Perez*, No. AP-76,800,

3

1xcases
© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

2014 Tex. Crim. App. LEXIS 1509, *7 (Tex. Crim. App. Oct. 8, 2014). Under the common-law standard, courts consider the totality of the circumstances, including the reasons for delay in seeking relief, the missing people or faded memories of people material to the case, loss of evidence and trial records, the State's diminished ability to retry a defendant, and the State's interest in finality. 2014 Tex. Crim. App. LEXIS 1509 at *9.

*The doctrine of laches does not bar Applicant's claim because the State was not prejudiced by her tardy filing of her writ application.*

In this case, however, while Applicant admittedly absconded from the jurisdiction and did not file her initial writ application until approximately five years after she was adjudicated guilty and sentenced, no evidence or trial records have been lost. And the State cannot retry Applicant if she prevails on her claim, because the trial court had lost jurisdiction to adjudicate Applicant guilty when her period of community supervision ended. Finally, the State's argument that it was prejudiced by diminished memories and missing people is without merit because the resolution of Applicant's claim turns on documents in the record and this Court's legal analysis. Therefore, after considering the entire record and the totality of the circumstances, we hold that laches does not apply to Applicant's claim because the State was not prejudiced.

**Article 42.12, Section 5(h)**

We now turn to the merits of Applicant's claims and the reasons for which we filed and set this case for submission:

whether, when the trial court signs the motion to adjudicate and directs the district clerk to issue capias within the period of community supervision, but the motion is file-stamped by the clerk and the pre-revocation warrant issued after the expiration of the period of community supervision, the trial court retains jurisdiction to proceed to adjudication under Article 42.12, Section 5(h) of the Texas Code of Criminal Procedure.

*Ex parte Moss*, 2014 Tex. Crim. App. Unpub. LEXIS 417, 2014 WL 1512955, at *1.

Before Article 42.12, Section 5(h), was added to the Texas Code of Criminal Procedure, this Court held that for a trial court to have jurisdiction to adjudicate the guilt of a defendant who was on community supervision, "both the motion to revoke and capias for arrest must be issued prior to the termination of the probationary period."2 *Guillot v. State*, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976); *see also Prior v. State*, 795 S.W.2d 179, 184 (Tex. Crim. App. 1990) (noting that this Court will interpret similar regular community-supervision statutes and deferred-adjudication community-supervision statutes similarly). *Rodriguez v. State*, 804 S.W.2d 516, 517 n.1 (Tex. Crim. App. 1991) (per curiam).

In 2003, the 78th Legislature codified this Court's holdings with respect to when a trial court retains jurisdiction to adjudicate a defendant on deferred-adjudication guilty beyond the expiration of that defendant's period of supervision in Article 42.12, Section 5(h). Acts of May 31, 2003, 78th Leg., R.S. ch. 250, § 1, 2003 Tex. Gen. Laws 1158, 1158. Article 42.12, Section 5(h) states that.

A court retains jurisdiction to hold a hearing under Subsection (b) and to proceed with an adjudication of guilt, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to proceed with the adjudication and a capias is issued for the arrest of the defendant.

Tex. Code Crim. Proc. art. 42.12, § 5(h). Thus, the requirement that the capias be issued before the expiration of the supervision period was carried over into the statute. *See Garcia v. State*, 387 S.W.3d 20, 23 (Tex. Crim. App. 2012). Likewise, the Legislature also included in the same statutory provision the requirement that the motion to adjudicate be filed before the expiration of

4

1xcases
© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

the defendant's community-supervision period. *Id.* Because the Legislature codified this Court's judicially-fashioned jurisdictional rule with respect to community supervision, we find our interpretations of those requirements before the adoption of Article 42.12, Section 5(h), to be instructive on the jurisdictional questions presented in this case.3

With respect to the timely issuance of the capias, we held in *Langston* that "a trial court loses jurisdiction to proceed to adjudicate a defendant's guilt when the district clerk fails to issue a capias before his probationary period expires." *Sledge*, 391 S.W.3d at 106 (citing *Langston*, 800 S.W.2d at 554); *cf. Coffey v. State*, 500 S.W.2d 515, 516 (Tex. Crim. App. 1973) (rejecting the State's argument that the timely issuance of a capias tolled the term of community supervision such that the later filing of the motion to adjudicate was timely and concluding that the judgment revoking the appellant's community supervision was void). However, we overruled the appellant's claim that the trial court lacked jurisdiction to adjudicate him guilty because, although his period of community supervision had already expired, the motion to revoke probation was filed and the capias was issued before the expiration of that period. *Langston*, 800 S.W.2d at 554. We have reached the same conclusion in a number of other cases, and in each case we have emphasized that the *filing* of the motion to adjudicate and the *issuance* of the capias are the relevant triggering events under the statute.4

Based on our voluminous and uninterrupted caselaw on this topic, and the Legislature's codification of our judicially-fashioned rule without modification,5 we will continue to interpret Article 42.12, Section 5(h), as we applied it before the statutory provision was adopted by the Legislature. Thus, the relevant time period with respect to the capias requirement remains the time at which the capias is actually issued. We also note that this conclusion comports with the applicable definition of capias in Chapter 23 of the Texas Code of Criminal Procedure, which defines a capias as a writ that is "issued by a judge of the court having jurisdiction of a case after commitment or bail and before trial, or by a clerk at the direction of the judge."6 Tex. Code Crim. Proc. art. 23.01. This result is also consistent with various provisions throughout the Code of Criminal Procedure referencing a clerk issuing a capias.7

**Application**

In this case, an order directing the district clerk to issue a capias was attached to the motion to adjudicate that the judge signed and dated.

To the Clerk of Said Court:

> You are hereby directed to issue a capias, with a copy of this Petition for Revocation of Community Supervision Sentence and Final Adjudication of Guilt attached thereto, for the arrest of Jecia Javette Moss, to answer the charges of community supervision violation and that upon his (sic) arrest [s]he shall be held without bond pending the hearing thereof.

The order was signed by the trial judge on October 3, 2005. Also contained in the writ record is the capias that was issued by the clerk and is styled, "MTR WARRANT." It is directed to any peace officer of the State of Texas to arrest Applicant for "AGGRAVATED ASSAULT" (Probation Revocation)." This capias is dated October 6, 2005. Applicant's community supervision expired on October 3, 2005.

We hold that, because the capias in this case was issued after the expiration of Applicant's period of supervision, the trial court did not retain jurisdiction to proceed to adjudicate Applicant guilty and sentence her. In addition, because the trial court lacked jurisdiction to proceed to adjudication, Applicant's sentence was discharged. Therefore, we grant Applicant relief.8 The judgment of conviction in Cause No. 20203 in the 86th District Court is vacated.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Parole Division.

5

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

---

Hervey, J.

Delivered: November 5, 2014

Publish

**Footnotes**



1

Addressing the procedural bar for subsequent writs and whether a jurisdictional claim is immune to such-a-bar, this Court stated:

> Had the applicant properly raised his present claim in this original writ, we would not hesitate to reach its merits and if appropriate, grant relief. But in the context of subsequent post-conviction writ applications, the Legislature has validly exercised its constitutionally-endowed regulatory authority to make it clear that only those claims that fit within the statutory exceptions prescribed by Subsections 4(a)(1) and (2) of Article 11.07 are cognizable. *See Sledge*, 391 S.W.3d at 108-09 (emphasis omitted).

2

This Court had also held that the State had to exercise due diligence in executing the issued capias. *See Prior v. State*, 795 S.W.2d 179, 184 (Tex. Crim. App. 1990). Later, we disavowed the holding that the due-diligence requirement was jurisdictional and, instead, explained that it was a plea in bar or defense that must be raised by the defendant at the revocation hearing. *See Connolly v. State*, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). The "due diligence" defense was later codified by the Legislature in Article 42.12, Section 24 as an affirmative defense. *See* Tex. Code Crim. Proc. art. 42.12, § 24. The statutory "due diligence" defense is available to a defendant in a hearing to revoke community supervision for "regular" community supervision (Section 21(b-2)) or deferred-adjudication community supervision (Section 5(b)). *Id.*

3

In *Awadelkariem v. State*, 974 S.W.2d 721, 725-26 (Tex. Crim. App. 1998), we stated that "[w]e presume the Legislature intends the same construction to continue to apply to a statute when the Legislature meets without overturning that construction. That maxim applies whether the construction at issue is a judicial decision or a judicially-promulgated rule." *Id.* (internal citation omitted); *see Garcia*, 387 S.W.3d at 22 (concluding that the 78th Legislature statutory additions to Article 42.12 effectively codified the filing-of-the-motion and issuance-of-the-capias requirements while leaving out the common-law due-diligence defense).

4

*See, e.g., Whitson v. State*, 429 S.W.3d 632, 636 (Tex. Crim. App. 2014); *Ex parte Donaldson*, 86 S.W.3d 231, 232 (Tex. Crim. App. 2002) (per curiam); *Peacock v. State*, 77 S.W.3d 285, 287-88 (Tex. Crim. App. 2002); *Prior*, 795 S.W.2d at 183 (citing *Lovell v. State*, 223 S.C. 112, 74 S.E.2d 570, 572 (S.C. 1953)); *Coleman v. State*, 632 S.W.2d 616, 617-18 (Tex. Crim. App. [Panel Op.] 1982); *Shahan v. State*, 792 S.W.2d 101, 102-03 (Tex. Crim. App. 1990); *Rodriguez*, 804 S.W.2d at 517-18; *Coffey*, 500 S.W.2d at 515-16.

5

*See Garcia*, 387 S.W.3d at 23 (noting that the Legislature codified this Court's rule regarding the jurisdiction of a trial court to revoke a probationer's community supervision after the period of supervision expires).

6

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

6

Although the word capias is also defined in Chapter 43 of the Code of Criminal Procedure, that definition is not applicable in this case because that definition pertains only to enforcing judgments. See Tex. Code Crim. Proc. art. 43.015 (defining capias and capias pro fine as they are used in Chapter 43). However, the definition of capias from Article 23.01(1) is proper because the capias in question was issued "by a clerk at the direction of the judge," and it was issued to force Applicant to appear in court for a "trial" in the form of a revocation hearing. See Tex. Code Crim. Proc. art. 23.01. The *judgment* revoking Applicant's community supervision was not entered until April 5, 2006, and the capias that issued for her arrest to enforce that judgment of conviction when she failed to turn herself in is governed by Article 43.015(1) defining a capias for purposes of executing a judgment.

7

See, e.g., Tex. Code Crim. Proc. arts. 2.195, 17.16(c), 23.03(a), 23.031, 23.05(d).

8

Because we conclude that the capias did not timely issue, we need not reach the question of whether the motion to adjudicate was timely filed.

lxcases

7

© 2015 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

10CR1217 83-6

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS   FILE COPY
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

1/28/2015

**FLORENCE, THOMAS WAYNE   Tr. Ct. No. 10CR1217-83-4      WR-63,775-18**

The Court has dismissed without written order this subsequent application for a writ of habeas corpus. TEX. CODE CRIM. PROC. Art. 11.07, Sec. 4(a)-(c).

Abel Acosta, Clerk

DISTRICT ATTORNEY GALVESTON COUNTY
JACK ROADY
600 59TH STREET SUITE 1001
GALVESTON, TX 77551
* DELIVERED VIA E-MAIL *

Clerk / Court.

Re: 01-11-00822CR APP. ISSUE #3 FNI.
10CR1217-83-3
10CR1217-83-4

YOU'RE AWARE THAT 2 INMATE'S WITH ART? IN THIS SPEFIC COUNTY AND THE 2 INMATE'S HAS ATTORNEY(S) ARE 14 ATTY. WAS APPOINTED BY THE COURT ON REQUEST OF THE STATE TO DO FINDING / FACT'S AND CONCLUSIONS OF LAW ON THESE SAME ISSUE(S) I BROUGHT OUT RELATING TO MY VOID ARREST/ CHARGING AFFIDAVIT NOT COMPLYING WITH ART. 1.23, 45. 019 (2)(3)(4)(7) OR 15.05, FNI (ART. 1.23) 15. 05(2).

THIS COUNTY APP'TS AN ATTY. AND DOE'S NOT ALLOW THE STATE TO ADOPT FINDINGS AND FACTS/ CONCLUSION OF LAW AS GALVESTON COUNTY.
SO ONCE THESE 2 OBTAIN RELIEF

FNI, EX PARTE JACKSON (CR. APP. 1906) 50 TEX. CRIM, 324 95
SW L047 CITING, 1.23, 15. 05

ON ISSUE (S) THAT THE APPEAL COURT AT ISSUE #3 STATES I WAS REFERRING TO AN SEARCH WARRANT WHEN I NEVER MADE SUCH ARGUMENT IN NEITHER COURT, USED Id. TO ~~KITCHEN~~ AN OED GRANTING ISSUE #3. THEN THIS APP. CT. STATES IN IT'S VOID 7-30-13 OPINION ON ISSUE #3 THAT A COMPLAINT DOES NOT HAVE TO COMPLY WITH, ART. 1.23, IS WRONG SEE, EXPARTE COOPER ATTACHED; SEE, EXPARTE JACKSON, FN.1. SEE, ART. 45.018, 45.019 (a) (4) (7). SEE, STATE'S FALSE REPLY ADOPTED BY THE APPEAL CT. Id. THAT A COMPLAINT DOES NOT HAVE TO COMPLY WITH ART. 1.23, 45.019 (a) (4) (7). (15.05 EXPARTE JACKSON NI. THIS COURT ARBITRARILY ADOPTED THE STATE/TRIAL COURT ILLEGAL/VOID FINDINGS TO DENY ME RELIEF ART. 11.07. WCR1217-83-3 #_____, WCR1217-83-4. WHEN THESE INMATE'S OBTAIN RELIEF WITH ATTY'S I GUESS I'LL FINALLY GET RELIEF. Thomas Flowers 4-15-15

SEE, PRISON LEGAL NEWS 3-15, ATTY'S AT 3300 BEE CAVE RD STE 650-1185 ATX. 78746 (SENT AN WCR1217-83-4 DRTW)